UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CRÉDIT AGRICOLE CORPORATE AND INVESTMENT BANK, ARCHIMEDES FUNDING IV (CAYMAN), LTD., COPPER RIVER CLO LTD., ENDURANCE CLO I, LTD., GREEN LANE CLO LTD., KENNECOTT FUNDING LTD., LANDMARK III CDO LTD., LANDMARK IV CDO LTD., LANDMARK V CDO LTD., LANDMARK VI CDO LTD., LANDMARK VII CDO LTD., LANDMARK VIII CDO LTD., LATITUDE CLO I, LTD., THL CREDIT LOAN OPPORTUNITY LTD. (F/K/A MCDONNELL LOAN OPPORTUNITY LTD.), OCEAN TRAILS CLO I, PERMAL STONE LION FUND LTD., SANDS POINT FUNDING LTD., STONE LION PORTFOLIO L.P., UBS AG, STAMFORD BRANCH; UBS LOAN FINANCE LLC; AND WG HORIZONS CLO I,<br><br>          Petitioners,<br><br>vs.<br><br>BLACK DIAMOND CAPITAL MANAGEMENT, LLC, BDC FINANCE L.L.C., AND BLACK DIAMOND CLO 2006-1 (CAYMAN), LTD.; BLACK DIAMOND COMMERCIAL FINANCE, L.L.C.,<br><br>          Respondents. | Civil Case No. _____<br><br><br><br><br><br><br><br><br><br><br>**PETITION TO VACATE OR MODIFY AMENDED ARBITRATION AWARD AND TO CONFIRM ORIGINAL AWARD** |

Petitioners, by their attorneys White & Case LLP, bring this Petition for an order pursuant to Federal Arbitration Act ("FAA") 9 U.S.C. § 10, vacating the Amended Final Award issued May 29, 2018 and confirming and entering judgment on the Final Award issued April 20, 2018 under FAA 9 U.S.C. §§ 9, 13, and 207, or, alternatively, modifying the Amended Final Award pursuant to 9 U.S.C. § 11. The Petitioners allege as follows:

**NATURE OF THE ACTION**

1.      On October 10, 2017, the Petitioners and Respondents entered into an agreement to submit Petitioners' claims in a state court proceeding to an arbitration to be governed by the Commercial Rules of the American Arbitration Association ("AAA"). An arbitration hearing was held in front a three-person panel (the "Panel") in January - March 2018. On April 20, 2018, the Panel rendered an award in Petitioners' favor (the "Final Award") (West Decl. Ex A).[1] On April 23, 2018, Respondents requested modification of the award pursuant to R-50 of the AAA Commercial Rules, on the grounds that the Panel had improperly compounded interest. Petitioners opposed this request. On May 29, 2018 the Panel issued an amended award (the "Amended Final Award") (West Decl. Ex B) reducing the award by $2,177,482 requested by Respondents.

2.      As set forth more fully herein and in the accompanying Memorandum of Law, Petitioners seek to vacate the Amended Final Award, issued May 29, 2018, pursuant to Section 10 of the FAA.

3.      As set forth more fully in the accompanying Memorandum of Law, Petitioners seek confirmation of the Final Award, issued April 20, 2018.

4.      As set forth more fully in the accompanying Memorandum of Law, in the alternative to vacatur of the Amended Final Award and confirmation of the Final Award, Petitioners seek to modify the Amended Final Award pursuant to 9. U.S.C. § 11.

## THE PARTIES

### Petitioners

---

[1] References to the "West Decl." are to the August 21, 2018 Declaration of Colin T. West in support of this Petition, submitted herewith.

5.  Petitioner Crédit Agricole Corporate and Investment Bank ("Crédit Agricole") is a foreign banking corporation organized under and by virtue of the laws of the Republic of France with its principal place of business in Paris, France.

6.  Petitioner Archimedes Funding IV (Cayman), Ltd. is an Exempted Company with Limited Liability registered pursuant to the Companies Law of the Cayman Islands.

7.  Petitioner Copper River CLO Ltd. is an Exempted Limited Liability Company incorporated in the Cayman Islands.

8.  Petitioner Endurance CLO I, Ltd. was an Exempted Company with Limited Liability registered pursuant to the Companies Law of the Cayman Islands

9.  Petitioner Green Lane CLO Ltd. is an Exempted Limited Liability Company incorporated in the Cayman Islands.

10. Petitioner Kennecott Funding Ltd. is an Exempted Limited Liability Company incorporated in the Cayman Islands.

11. Petitioner Landmark III CDO Ltd. is a Limited Liability entity existing under and by virtue of the laws of the Cayman Islands.

12. Petitioner Landmark IV CDO Ltd. is a Limited Liability entity existing under and by virtue of the laws of the Cayman Islands.

13. Petitioner Landmark V CDO Ltd. is a Limited Liability entity existing under and by virtue of the laws of the Cayman Islands.

14. Petitioner Landmark VI CDO Ltd. is a Limited Liability entity existing under and by virtue of the laws of the Cayman Islands.

15. Petitioner Landmark VII CDO Ltd. is a Limited Liability entity existing under and by virtue of the laws of the Cayman Islands.

16. Petitioner Landmark VIII CDO Ltd. is a Limited Liability entity existing under and by virtue of the laws of the Cayman Islands.

17. Petitioner Latitude CLO I, Ltd. is a limited liability company existing under and by virtue of the laws of the Cayman Islands.

18. Petitioner THL Credit Loan Opportunity Ltd. (f/k/a McDonnell Loan Opportunity Ltd/) is an Exempted company incorporated in the Cayman Islands with Limited Liability.

19. Petitioner Ocean Trails CLO I is an Exempted Company with Limited Liability registered pursuant to the Companies Law of the Cayman Islands.

20. Petitioner Permal Stone Lion Fund Ltd. is a limited company existing under and by virtue of the laws of the British Virgin Islands.

21. Petitioner Sands Point Funding, Ltd. is an Exempted Limited Liability Company incorporated in the Cayman Islands.

22. Petitioner Stone Lion Portfolio L.P. is a limited partnership existing under and by virtue of the laws of the Cayman Islands.

23. Petitioner UBS AG, Stamford Branch, located in Stamford, Connecticut, is a foreign bank branch of UBS AG, an aktiengesellschaft organized under Swiss company law with its principal places of business in Zurich and Basel, Switzerland.

24. Petitioner UBS Loan Finance LLC is organized under laws of Delaware with its principal place of business in Stamford, Connecticut.

25. Petitioner WG Horizons CLO I is an Exempted Company with Limited Liability registered pursuant to the Companies Law of the Cayman Islands.

### Respondents

26. Upon information and belief, Respondent Black Diamond Capital Management, L.L.C. ("BDCM"), is a limited liability company existing under and by virtue of the laws of the State of Delaware.

27. Upon information and belief, Respondent BDC Finance, L.L.C. ("BDC Finance"), is a limited liability company existing under and by virtue of the laws of the State of Delaware.

28. Upon information and belief, Respondent Black Diamond CLO 2006-1 (Cayman), Ltd. ("Black Diamond CLO") is a limited liability company existing under and by virtue of the laws of the Cayman Islands.

29. Upon information and belief, Respondent Black Diamond Commercial Finance, L.L.C. ("Black Diamond Agent"), is a limited liability company existing under and by virtue of the laws of the State of Delaware.

## JURISDICTION AND VENUE

30. This Court has jurisdiction over the subject matter of this dispute pursuant to 9 U.S.C. § 203, in that this is a civil action seeking confirmation of an award rendered in an arbitration falling under the Convention on the Enforcement and Recognition of Foreign Arbitral Awards. The parties' arbitration agreement and award arise out of a legal relationship which is considered commercial, and arise out of a relationship which is not entirely between citizens of the United States. Thus, the Convention on the Enforcement and Recognition of Foreign Arbitral Awards is applicable pursuant to 9 U.S.C. § 202.

31. This Court has supplemental jurisdiction pursuant over the petitions to vacate or modify the Amended Award under 28 U.S.C. § 1367.

32. Venue is proper in this judicial district pursuant to 9 U.S.C. §§ 9, 10(a) and 204 as well as through agreement of the parties which specifies "[t]he award may be confirmed in any Court of competent jurisdiction in the City, County and State of New York." (West Decl. Ex F)

## FACTS RELEVANT TO THE PETITION

33. Petitioners and Respondents were once secured lenders to GSC Group under a Credit Agreement, dated February 28, 2007. GSC Group declared bankruptcy on August 31, 2010. Following a 2010 bankruptcy auction, Respondents closed a sale with GSC Group to acquire substantially all of GSC Group's assets. This proceeding arises out of a dispute between Petitioners and Respondents regarding the disposition of GSC Group assets.

34. Petitioners initiated a lawsuit in New York Supreme Court against Respondents for, among other things, breach of contract and breach of the implied covenant of good faith and fair dealing.

35. On October 10, 2017, the parties entered into an agreement (the "Arbitration Agreement") (West Aff. Ex F) submitting the claims in the State Court Proceeding to an arbitration to be governed by the Commercial Rules of the AAA.

36. Petitioners and Respondents appeared in the arbitration and were represented by counsel during the arbitration. The parties were involved in selecting a three-person arbitration panel (the "Panel").

37. An arbitration hearing was held before the Panel from January to March 2018 at the offices of White & Case LLP, located at 1221 Avenue of the Americas, New York, NY 10020.

38. On April 20, 2018, the Panel issued a Final Award in Petitioners' favor. (West Decl. Ex. A) The Panel awarded Petitioners (1) damages in the principal amount of

$25,964,570.32; plus (2) pre-judgment interest; plus (3) an additional $5.4 million that the Panel found was due to be paid to Petitioners in May 2018.

39. On April 23, 2018, Respondents submitted a letter to the Panel requesting modification of the award pursuant to R-50 of the AAA Commercial Rules, on the grounds that the Panel had improperly compounded interest and seeking correction of what Petitioners claimed was a "computational error" under R-50.

40. On May 2, 2018, Petitioners submitted a letter (West Decl. Ex K) opposing Respondents' request, among other grounds, because (1) the requested reversal of the compounding of interest was a request to modify the legal standard by which interest was determined, not a mere request to correct a "computational" error; and (2) in any event, Respondents' requested change to the application of certain pre-payments went far beyond reversing the compounding of interest and was also a request to modify the legal standard originally applied by the Panel. Petitioners also cited legal authority confirming that the Panel's original application of pre-payments to interest was legally correct.

41. On May 28, the Panel issued an Amended Final Award (West Decl. Ex. B) reducing the award by the $2,177,482 requested by Respondents.

## COUNT ONE – VACATUR OF AMENDED FINAL AWARD

42. Petitioner repeats and realleges paragraph 1 through 41 above, as fully set forth herein.

43. Petitioner brought this action within the three month period provided pursuant to FAA § 10, during which the parties may seek to vacate or modify the Amended Final Award, issued May 29, 2018.

44.     As a general rule, an arbitrator may not revise a final award. *See Trade & Transp., Inc. v. Nat. Petroleum Charterers, Inc.*, 931 F.2d 191, 195 (2d Cir. 1991) ("[O]nce arbitrators have finally decided the submitted issues, they are, in common-law parlance, "*functus officio*," meaning that their authority over those questions is ended."); *see also Matter of Curtis Lumber Co. Inc. v. Am. Energy Care, Inc.*, 910 N.Y.S.2d 761, 761 (Sup. Ct. Albany Cnty. Apr. 30, 2010) ("Absent a contrary agreement of the parties, once arbitrators have finally decided the submitted issues, they are, in common-law parlance, *functus officio*, meaning that their authority over those questions is ended.") *aff'd in relevant part by* 81 A.D.3d 1225 (3d Dep't 2011).

45.     R-50 of the AAA Commercial Rules provides narrow exceptions allowing revisions to final awards. R-50 provides that, within 20 days of the award, a party "may request the arbitrator, through the AAA, to correct any clerical, typographical, or computational errors in the award."

46.     Section 10 of the FAA provides that an arbitral award shall be vacated where the arbitrators exceed their power. 9 U.S.C. § 10 (stating that a court "may make an order vacating the award ... where the arbitrators exceeded their powers....").

47.     As set forth more fully in the accompanying Memorandum of Law, the Panel exceeded its power under R-50 when it issued an Amended Final Award with changes that were legal, not computational, in nature.

48.     As set forth more fully in the accompanying Memorandum of Law, where an arbitral panel exceeds its authority in amending an award, the correct procedural result is to vacate the amended award and confirm the original award. *See Matter of Curtis Lumber Co. Inc. v. Am. Energy Care, Inc.*, 910 N.Y.S.2d 761, 761 (Sup. Ct. Albany Cnty. Apr. 30, 2010), *aff'd in relevant part by* 81 A.D.3d 1225 (3d Dep't 2011).

49.     By reason of the foregoing, Petitioner requests an order vacating the Amended Final Award, annexed as Exhibit B to the accompanying Declaration of Colin T. West, issued May 29, 2018, pursuant to 9 U.S.C. § 10.

### COUNT TWO – CONFIRMATION OF FINAL AWARD

50.     Petitioner repeats and realleges paragraphs 1 through 49 above, as fully set forth herein.

51.     Pursuant to 9 U.S.C. § 207, Petitioner has brought this action within three years after the Final Award was issued on April 20, 2018.

52.     The period in which the parties may seek to vacate or modify the original Final Award, consisting of three months pursuant to FAA § 10, has expired.

53.     By reason of the foregoing, Petitioners respectfully request that the court issue an order confirming the Final Award, annexed as Exhibit B to the accompanying Declaration of Colin T. West, issued April 20, 2018, and direct that judgment be entered thereon.

### COUNT THREE (IN THE ALTERNATIVE) – MODIFICATION OR CORRECTION OF THE AMENDED FINAL AWARD

54.     Petitioners repeat and reallege paragraphs 1 through 53 above, as fully set forth herein.

55.     As set forth more fully in the accompanying Memorandum of Law, in alternative to vacatur of the Amended Final Award and confirmation of the Final Award, Petitioners request an order modifying the Amended Final Award pursuant to 9 U.S.C. § 11 due to a "miscalculation of figures." As set forth more fully in the accompanying Memorandum of Law, Petitioners request that the Court modify the Amended Final Award by increasing it by, at a minimum, the $1,647,378 constituting the portion of the Panel's reduction of the Original Final

Award attributable to the Panel's decision to apply certain pre-payments to the principal damages award.

## PRAYER FOR RELIEF

WHEREFORE, as set forth more fully in the accompanying Memorandum of Law, Petitioners respectfully request that this Court:

1.   Enter an order vacating the Amended Final Award issued May 29, 2018, pursuant to 9 U.S.C. § 10.

2.   Enter an order pursuant to 9 U.S.C. § 9 and 207 confirming the Final Award issued April 20, 2018 and enter judgment in accordance therewith pursuant to 9 U.S.C. § 13.

3.   In the alternative to the above relief, enter an order modifying the Amended Final Award dated May 21, 2018, pursuant to 9 U.S.C. § 11.

Dated: August 21, 2018
       New York, New York

By: _____
J. Christopher Shore
Andrew W. Hammond
Colin T. West
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113